OPINION
On March 26, 1996, plaintiff-appellee, John Reek, brought suit against defendant-appellant, Herschel Braughton, in Eaton Municipal Court. The complaint alleged that appellee had hired appellant to tow his 1980 GMC dump truck on October 8, 1995 and that the vehicle had fallen into a ravine while in appellant's care. The complaint also alleged that appellant had recovered the dump truck the following day, but that appellant had refused to return it to appellee. Appellee thereafter filed an answer and counterclaim in which he sought damages from appellee. A bench trial was held before a magistrate on March 6, 1997.
Appellee testified at trial that he was driving his dump truck on State Route 503 near Lewisburg, Ohio on October 7, 1995 when the drive shaft broke and the vehicle became disabled. Appellee towed the disabled dump truck to Lewisburg police headquarters with another dump truck. The following day, appellee contacted appellant who agreed to tow the disabled dump truck to a farm where the load of asphalt it was carrying was to be used to fill potholes. Appellee accompanied appellant in the tow truck while the dump truck was being towed to the job site.
Appellee testified that he and appellant came upon a private wooden bridge that it was necessary to cross in order to reach the job site. Appellee testified that he asked appellant to lower the front wheels of the dump truck to the ground so that it could be towed across the bridge with its weight distributed among all three of its axles. However, appellant declined to follow this suggestion and instead went to a nearby house where he obtained permission to cross the bridge. Appellant then towed the dump truck across the bridge with its front wheels elevated. The rear axle of the dump truck broke through the bridge and ultimately caused the bridge to collapse. The dump truck fell into the ravine below and was severely damaged. Appellant recovered the dump truck from the ravine the following day and towed it to the home of his ex-wife. Appellee eventually obtained the dump truck from appellant's exwife in May 1996.
The magistrate specifically found that the bridge had collapsed and that the dump truck had fallen into the ravine as a direct and proximate result of appellant's negligence and that appellee had suffered damages totaling $1,970.15. The magistrate also found that appellant was entitled to recover $395 from appellee in unpaid towing charges. The magistrate then awarded appellee a net judgment of $1,575.15.
On May 22, 1997, appellant filed objections to the magistrate's decision pursuant to Civ.R. 53(E)(3). The trial court overruled appellant's objections to the magistrate's decision in an order dated July 18, 1997. Appellant now appeals setting forth the following assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE MATERIAL PREJUDICE OF APPELLANT IN FINDING THE MAGISTRATE PROPERLY DETERMINED FACTUAL ISSUES.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE MATERIAL PREJUDICE OF APPELLANT IN FAILING TO APPLY COMPARATIVE NEGLIGENCE OR ASSUMPTION OF THE RISK TO APPELLEE'S ACTIONS.
In his first assignment of error, appellant contends that the trial court's judgment is contrary to the manifest weight of the evidence. An appellate court's function when reviewing the weight of the evidence in a civil case is to examine all of the evidence offered by the parties at trial and to then determine whether there is "some competent credible evidence going to all essential elements of the case." Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80; C.E. Morris v. Foley Construction Co. (1978),54 Ohio St.2d 279, 280. "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." Chemical Bank of New York v. Neman (1990), 52 Ohio St.3d 204, 207-08; Burr v. Stark Cty. Bd. of Commrs. (1986), 23 Ohio St.3d 69, 77.
The record reveals that appellee presented substantial, credible evidence which would allow the trial court to conclude that appellant towed the dump truck across the bridge in a negligent and unworkmanlike manner and that appellant's negligence caused the bridge to collapse and the dump truck to fall into the ravine. The record also indicates that appellee suffered damages totalling $1,575.15. Accordingly, the trial court's judgment is not contrary to the manifest weight of the evidence. Appellant's first assignment of error is overruled.
In his second assignment of error, appellant contends that the trial court failed to properly apply R.C. 2315.19, Ohio's comparative negligence statute. R.C. 2315.19 provides, in pertinent part, as follows:
 (A)(1) Contributory negligence or implied assumption of the risk of the complainant or of the person for whom the complainant is legal representative may be asserted as an affirmative defense to a negligence claim.
 (2) Contributory negligence or implied assumption of the risk of a person does not bar the person or his legal representative as complainant from recovering damages that have directly and proximately resulted from the negligence of one or more other persons, if the contributory negligence or implied assumption of the risk of the complainant or of the person for whom he is legal representative was no greater than the combined negligence of all other persons from whom the complainant seeks recovery. However, any compensatory damages recoverable by the complainant shall be diminished by an amount that is proportionately equal to the percentage of negligence or implied assumption of the risk of the complainant or of the person for whom he is legal representative, which percentage is determined pursuant to division (B) of this section.
Our review of the record in this case indicates that the trial court could reasonably have concluded that appellee was not contributorily negligent and that appellee did not impliedly assume the risk in this case. Therefore, appellant's contention that the trial court misapplied R.C. 2315.19 is wholly without merit. Appellant's second assignment of error is overruled and the judgment of the trial court is hereby affirmed.
YOUNG, P.J., and WALSH, J., concur.